UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL NESTOR,

                              Petitioner,

          -against-

J. L. JAMISON, WARDEN,

                              Respondent.

23-CV-3020 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated in the Federal Correction Institution, in Otisville, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his sentence entered in *United States v. Nestor*, No. 8:01-CR-269-T-23AAS (M.D. Fla. Sept. 23, 2002).[1] For the reasons set forth below, the Court construes the petition as a motion brought under 28 U.S.C. § 2255, and transfers this action to the United States Court of Appeals for the Eleventh Circuit.

## BACKGROUND

      In 2002, after a jury trial, Petitioner was convicted in the United States District Court for the Middle District of Florida of: (1) conspiring to possess with the intent to distribute gamma-butyrolactone (GBL), a controlled substance analogue of gamma-hydroxybutyric acid (GHB), in violation of 21 U.S.C. § 846; (2) distributing GBL that resulted in death, in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1); and (3) possessing GBL with the intent to distribute, in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). *See Nestor*, No. 8:01-CR-269-T-23AAS, ECF 136. Petitioner was sentenced to 420 months' imprisonment, to be followed by five years of supervised release. The United States Court of Appeal for the Eleventh Circuit affirmed the

---

[1] Petitioner has paid the filing fee for this action.

conviction, and the United States Supreme Court denied *certiorari*. *See United States v. Nestor*, No. 8:13-CV-1701-T-23AAS, 2018 WL 3155698, at *2 (M.D. Fla. June 28, 2018).

Petitioner then challenged the validity of his conviction and sentence by filing a motion under Section 2255. The Middle District of Florida denied that motion on the merits. *See Nestor*, 2018 WL 3155698, at *7. The Eleventh Circuit subsequently denied Petitioner's motions for a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *See Nestor v. United States*, No. 18-13626-C, 2019 WL 989415 (11th Cir. Jan. 7, 2019).

Petitioner brings this Section 2241 petition, seeking to vacate his convictions for distribution of GBL resulting in death and for possessing GBL with the intent to distribute, asserting that the Middle District of Florida wrongfully interpreted the statutory provisions under which he was convicted, and provided erroneous instructions to the jury. In particular, Petitioner contends that the trial court gave the jury erroneous instructions on the "contributory clause rule," but that the Supreme Court later "invalidated the 'contributory cause rule,' and supplanted it with the 'but for cause rule,'" and therefore, he is actually innocent of the conviction under Section 841(b)(1) for distribution of GBL resulting in death. (ECF 1, at 6.) Petitioner also argues that his conviction under Section§ 841(a)(1) for possession of GBL with the intent to distribute is unconstitutional because the trial court gave the jury erroneous instructions concerning his mental state and his knowledge of the substance he was alleged to have distributed. He asserts that the trial court's instructions are "in direct conflict with [] subsequent holdings of the Supreme Court," and thus, he is actually innocent of this conviction. (*Id*. at 9.)

## DISCUSSION

A.  **Petitioner may not bring his claims under Section 2241**

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). A federal prisoner may challenge the "*execution* of [his] sentence" under Section 2241, *see Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original), such as decisions to deny parole, or conditions of confinement, *see, e.g.*, *Jiminian*, 245 F.3d 144, 146; *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Petitioner's claims – that the trial court provided erroneous jury instructions leading to his convictions for distribution of GBL resulting in death and for possessing GBL with the intent to distribute – fall within the normal scope of a Section 2255 motion, but outside of the normal scope of a Section 2241 petition.

Petitioner argues that Section 2241 is nevertheless proper under the "savings clause" of Section 2255(e). In limited circumstances, a petitioner may bring a Section 2241 petition under the savings clause if a Section 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). Section 2255 is "inadequate or ineffective" where it cannot be utilized and "the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997). Accordingly, the savings clause authorizes a petition under Section 2241 "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) 'can prove actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[ ] of innocence at an earlier time.'" *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019)

(emphasis in original) (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (internal quotations omitted)).

Petitioner fails to meet these two predicates for a challenge of his sentence under Section 2241. First, he cannot show that Section 2255 is unavailable. Petitioner, citing to *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), argues that Section 2255 is unavailable because the Eleventh Circuit's precedent "disfavors successive § 2255 motions," and because that court "has held that a retroactive rule of statutory interpretation must be brought under § 2241 [and] under the savings clause of § 2255(e)." (ECF 1, at 5.) The Eleventh Circuit's decision in *McCarthan*, however, is simply reiterating the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitation on second or successive Section 2255 motion, and that failure to comply with the procedural requirements for second or successive motions does not render Section 2255 remedy inadequate or ineffective.[2] Similarly, the United States Court of Appeals for the Second Circuit has held that Section 2255 relief is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original).

---

[2] In *McCarthan*, the Eleventh Circuit determined that "[a]llowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of [S]ection 2255 and undermines the venue provisions," because "[i]f the savings clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second or successive motions under § 2255(h) would become a nullity." *McCarthan*, 851 F.3d at 1090 (citation omitted).

Petitioner does not cite the specific Supreme Court decisions he characterizes as retroactive rules invalidating his convictions. He also does not assert facts indicating that he could not have raised the claims earlier in his prior Section 2255 motion or seek authorization from the Eleventh Circuit to file a second or successive Section 2255 motion because the cases present new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Rather, Petitioner is contending that Section 2255 is unavailable to him because the Eleventh Circuit would disallow his claims under the AEDPA's gate-keeping provisions. If Petitioner, however, cannot meet the AEDPA's gate-keeping requirements for a second or successive Section 2255 motion, it does not render Section 2255 inadequate or unavailable under the savings clause sufficient to authorize a Section 2241 petition. *See Adams*, 372 F. 3d at 135.

Second, even if Petitioner did have a viable basis for arguing that Section 2255 relief is unavailable to him, he does not allege that he is actually innocent, as that term is defined for the purposes of the savings clause. The "actual innocence" doctrine recognized in certain *habeas corpus* contexts is "narrow" and typically "concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (citation omitted). In the context of noncapital cases, such as here, actual innocence "normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 381 (citations omitted).

Here, although Petitioner asserts "actual innocence," he does not argue that he is actually innocent of the offenses of which he was convicted. Rather, he contends that the Middle District of Florida wrongfully interpreted the statutory provisions under which he was charged, and provided erroneous jury instructions, which led to his convictions. Petitioner contends that

because the Supreme Court later issued decisions that invalidated or conflicted with the jury instructions, his convictions should be vacated. Thus, he is asserting a claim of legal, not actual, innocence; he does not allege facts demonstrating that he is actually innocent of the offenses of which he was convicted.

Because Petitioner fails to show that Section 2255 is unavailable and that he is actually innocent of the offenses of which he was convicted, he may not challenge his conviction under Section 2241.

**B.      Transfer to the Eleventh Circuit**

The proper jurisdictional basis for the relief Petitioner seeks is Section 2255. A Section 2255 motion is second or successive when a previous Section 2255 motion was adjudicated on the merits. *Carrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Because Petitioner has already filed a Section 2255 motion that was decided on the merits, the Court construes the present Section 2241 petition as a second or successive Section 2255 motion. A court may recharacterize another submission as a second or successive Section 2255 motion without providing the litigant an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148.

As noted above, before a litigant may file a second or successive Section 2255 motion in a federal district court, authorization from the appropriate court of appeals is required. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner must request permission to pursue this second or successive Section 2255 motion from the Eleventh Circuit. Therefore, in the interest of justice, the Court transfers this motion to the Eleventh Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996)..

**CONCLUSION**

In the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 1631. The Clerk of Court is directed to terminate all pending matters in this case. This order closes this action in this court.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge